IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ERIK GALLO,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY DETENTION FACILITY MEDICAL STAFF; OFFICER CLARK; NURSE;<br><br>Defendants. | CV 23-46-BLG-SPW<br><br>ORDER |

Plaintiff Erik Gallo ("Gallo"), proceeding without counsel, brought suit alleging constitutional violations associated with his incarceration at the Yellowstone County Detention Center ("YCDF"). (Doc. 1.) Gallo was advised that his complaint as pleaded failed to state a claim for federal relief and was subject to dismissal. (Doc. 9.) Gallo was informed of the deficiencies in his complaint and of the relevant pleading standards. (*Id.* at 5-12.) Gallo timely filed an amended complaint. (Doc. 12.)

I.     **STATEMENT OF THE CASE**

Gallo is a convicted state prisoner. At the time of the underlying events, however, he was a pretrial detainee at YCDF. In his Amended Complaint, Gallo names the YCDF Nursing Staff and the YCDF Medical Provider, in their official

1

capacities, as Defendants. (Doc. 12 at 3.) Gallo alleges a denial of medical care in violation of the federal constitution, from July 2022 to August 2023, during his incarceration at YCDF. (*Id.* at 5.) He states he asked to see medical providers for his blood pressure medication, in addition to anti-depression and anxiety medications. (*Id.*) Although his blood pressure was high, he was never placed on medication. He states he was placed on Zoloft, a medication which he had never been prescribed previously. (*Id.*) He explains he was denied the medical attention he should have received and never met with the actual medical provider that he requested to see. (*Id.*) Gallo states that as soon as he arrived at Montana State Prison, he was placed on blood pressure pills. (*Id.*)

## II.    28 U.S.C. §§ 1915, 1915A SCREENING STANDARDS

The complaint has been reviewed under 28 U.S.C. §§ 1915 and 1915A. Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Rule 8 Fed. R. Civ. P. requires a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The

allegations must cross "the line from conceivable to plausible." *Id.* at 680.

Pro se filings are "to be liberally construed." A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

### III. ANALYSIS

**Denial of Medical Care**

"Individuals in state custody have a constitutional right to adequate medical treatment." *Sandoval v. County of San Diego*, 985 F. 3d 657, 667 (9th Cir. 2021). Gallo alleges the violation of his constitutional rights occurred during his confinement as a pretrial detainee. "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. Cty. of Orange*, 888 F. 3d 1118, 1124-25 (9th Cir. 2018).

To state a plausible claim for denial of medical care under the Fourteenth Amendment, a pretrial detainee must allege facts showing that:

> (i) the defendant made an intentional decision regarding the denial of needed medical care; (ii) the denial of needed medical care put plaintiff at a substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable official under the circumstances would have understood the high degree of risk involved- making the consequences of

3

>Defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Sandoval,* 985 F. 3d at 669.  To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent – something akin to reckless disregard." *Id.* (*quoting Gordon*, 888 F. 3d at 1125).  "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Gordon*, 888 F. 3d at 1125 (citations omitted).

Gallo was previously advised that he failed to allege any facts which would tend to support a viable Fourteenth Amendment claim.  That is, his complaint contained no "factual content that allow[ed] the court to draw the reasonable inference," that defendants violated his Fourteenth Amendment rights. (Doc. 9 at 7)(*citing Iqbal*, 556 U.S. at 678).  In his amended complaint Gallo provides even less factual support for his claims than he did in his initial complaint.

A constitutional violation may be found where an official denies, delays, or intentionally interferes with needed medical treatment, or chooses "a course of treatment that is 'medically unacceptable under the circumstances.'" *Sandoval*, 985 F. 3d at 679 (*citing Jett v. Penner*, 439 F. 3d 1091, 1096 (9th Cir. 2006)).  In the instant case the evidence shows that Gallo made YCDF officials aware of his desire to be considered for medication on January 10, 2023.  On January 11, 2023,

4

a medical intake was done and Sertraline, an anti-depressant, was ordered. (Doc. 1-1 at 2.) Gallo was started on Sertraline the same day. (*Id.* at 2.) On January 23, 2023, Gallo sent a follow-up medical request in which he indicated the Sertraline was not working. Medical officials responded to Gallo and informed him that antidepressants typically take up to 6 weeks to reach full efficacy. (*Id.*) On February 2, 2023, YCDF medical providers increased Gallo's Sertraline dosage. (Id.)

On March 20, 2023, Gallo complained again that his medications "were not working" and he was experiencing other health issues for which he wanted to see a doctor; Gallo saw a medical provider the following day. (*Id.* at 3.) On April 3, 2023, Gallo submitted a complaint form stating he had injured his hand and was in extreme pain. He was seen by nursing staff the next day. (*Id.* at 4.) Additionally, while the records submitted by Gallo reveal he informed YCDF staff of his high blood pressure, the only requests for medication shown in the records relate to his anti-depressants and the dosage of the same. (*Id.* at 5-13); *see also* (Doc. 7 at 2.)

Despite being given the opportunity to do so, Gallo fails to explain which defendants were aware of the nature of his medical condition and/or requests for attention and failed to take reasonable measures in response to abate the risk of harm. Nor has Gallo explained the injuries he experienced or those from which he currently suffers as a result of the purported lack of care. Thus, Gallo has failed to

5

present information to show that Defendants acted unreasonably in providing him care.

To the extent that Gallo believes Defendants should have followed a different course of action, his belief is insufficient to support a claim. An inmate's difference of opinion with a medical provider's methodology or course of treatment does not amount to deliberate indifference. *See e.g., Toguchi v. Chung*, 391 F. 3d 1051, 1058 (9th Cir. 2004). Similarly, Gallo could not support a claimed constitutional violation by showing medical malpractice or negligence. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976)("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Gordon*, 888 F. 3d at 1124-25 (a pretrial detainee must show more than a lack of due care or negligence.)

Accordingly, the Court finds Gallo has failed to present evidence supporting a claim that Defendants were objectively unreasonable or acted with reckless disregard in conjunction with his medical care. Gallo presents nothing more than his own conclusory statements, which are insufficient to support a viable claim under § 1983. The Court finds further amendment would be futile; the matter will be dismissed.

Accordingly, the Court enters the following:

## ORDER

1. Gallo's Amended Complaint (Doc. 12) is DISMISSED for failure to state a federal claim.

2. The Clerk of Court is directed to enter judgment pursuant to F. R. Civ. P. Rule 58.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

4. Filing of this action counts as one strike against Gallo under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 12th day of January, 2024.

Susan P. Watters
United States District Court Judge